Rose Reilly
vs.
Daniel F. Joy, d. b. a.
Purity Bakery

No. 85805.

April 4, 1932.

FROST, J. Heard on plaintiff's motion for a new trial after verdict for defendant. By agreement of counsel this case was tried with that numbered 85,804.

The suit was brought to recover damages for personal injuries alleged to have been suffered as a result of taking into the mouth and swallowing a piece of metal, referred to as tin, which was contained in a bran muffin which the plaintiff had purchased from the driver of a bakery wagon, who in turn had obtained it from the Purity Bakery.

It was reasonably proved that there was a hard metallic substance in a bran muffin which was being eaten by the plaintiff; that she swallowed a portion of this substance; that the muffin was one of a half dozen purchased by the plaintiff and that these muffins were made in the usual course of business in defendant's bakery.

As to plaintiff's injuries there was testimony which, if believed, would justify at least nominal damages, provided there was liability.

The declaration is in a single count and avers that the defendant was "negligent in and about the preparation and making of said bran muffin in this that the said defendant, his servants and agents, allowed certain pieces of metals to get into said bran muffin so that when said Plaintiff undertook to eat it, as aforesaid, she was injured by said pieces of metals, and as a result, suffered severe cuts and lacerations on her gums, lips and other parts of her mouth and throat and suffered injuries to her stomach, intestines and other parts of her system."

The issue as presented to the jury was whether the defendant was negli-

gent in and about the preparation of the muffin containing the metallic substance.

The defendant showed in considerable detail, through his employees, the methods used at the time when the muffin in question was thought to have been made. From evidence introduced it seemed likely that the tin, if such the metallic substance was, was contained in the bran. It was shown from whom and in what form the bran was purchased, how it was mingled or mixed with other ingredients, and, in fact, all of the various steps in the making of muffins was explained in detail. It appeared that the bran was not sifted as wheat flour is and it was also testified to that it is impracticable to sift bran because of its coarse texture and that it had never been done in the experience of the defendant.

There was no testimony that it is customary to sift bran.

The Court thinks that the verdict indicates that the jury was satisfied that the defendant had exercised the care required of him in accordance with the instructions of the Court and that he was not therefore guilty of any negligence.

The verdict, in the opinion of the Court, is not against the law and the weight of the evidence; does substantial justice between the parties and must therefore be sustained.

Plaintiff's motion for a new trial is denied.

For plaintiff: Pettine Godfrey & Cambio, Thomas J. Paolino & Morris Waldman.

For defendant: Hinckley, Allen, Tillinghast, Phillips & Wheeler.